IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANNY BAGWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:14-cv-00195-RWS |
| HALL COUNTY, and, SHERIFF | : | |
| GERALD COUCH, Individually | : | |
| and in his official capacity as Hall | : | |
| County Sheriff, and ANDY | : | |
| LONG, Individually, and in his | : | |
| official capacity as Hall County | : | |
| Deputy Sheriff, and JOHN DOES | : | |
| 1-3, | : | |
| | : | |
| Defendants. | : | |

# **ORDER**

This case comes before the Court on Defendants Hall County, Sheriff Gerald Couch, and Sergeant Andy Long's Motion for Judgment on the Pleadings [11]. After reviewing the record, the Court enters the following order.

## **Background**

This case arises out of Plaintiff's arrest and subsequent incarceration. (Compl. ¶¶ 7-17.) On or around July 21, 2012, Plaintiff was staying at a motel

on Atlanta Highway.  While Plaintiff was outside his locked room, Sergeant Long arrested Plaintiff on an outstanding warrant from White County.  Sergeant Long unlocked, entered, and searched Plaintiff's motel room in spite of Plaintiff refusing entry.  (Id. ¶ 8.)  Sergeant Long grabbed Plaintiff, threw him on the ground, and beat him.  (Id. ¶ 9.)

While in the custody of Hall County, over the course of the following nine days, Plaintiff complained of pain, broken bones, and injuries.  (Id. ¶ 10.)  According to Plaintiff, unspecified Defendants denied that Plaintiff had broken bones and refused to provide a medical examination or medical attention, besides giving him some ibuprofen.  (Id.)  Plaintiff also contends that Defendants did not allow him to make written medical requests, falsely stated on a report that Plaintiff did not accept medical attention, and implied that Plaintiff was not seriously injured.  (Id. ¶ 11.)  These actions were in violation of Hall County's  procedures that require an injured arrestee with "more than superficial injuries" to immediately be taken to a medical facility.  (Id. ¶ 12.)

After Plaintiff was sent to White County on the outstanding warrant, Plaintiff requested medical assistance, and it was discovered that Plaintiff had a

broken jaw and broken ribs.  (Id. ¶ 13.)  According to Plaintiff, Defendants failed to preserve evidence of Plaintiff's injuries.  (Id. ¶ 14.)

Plaintiff alleges that Defendants' actions violated various constitutional rights and state law and that Defendants were negligent by breaching a duty to exercise appropriate care of inmates in Hall County.  (Compl. ¶¶ 18-34, 35-40.)  Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c).

## Discussion

### I. Judgment on the Pleadings Legal Standard

"Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law." Mergens v. Dreyfoos, 166 F.3d 1114, 1117 (11th Cir. 1999).  "When reviewing judgment on the pleadings, [the Court] must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party."  Id.  A motion for judgment on the pleadings pursuant to Rule 12(c) may be premised on failure to state a claim. Mills v. Fitzgerald, 668 F. Supp. 1554, 1556 n.1 (N.D. Ga. 1987) (citing Fed. R. Civ. P. 12(h)).

AO 72A
(Rev.8/82)

In order to determine whether a plaintiff has stated a claim, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

## II. Analysis

In support of Defendants' motion for judgment on the pleadings, Defendants argue that: (1) Plaintiff's claims against Sheriff Couch in his individual capacity fail to state a claim given that he was not the Sheriff on the date of the incident, (2) Plaintiff's "Violation of Constitutional Rights and State Law by Defendants" claims fail to comply with Rules 8 and 10 and are shotgun allegations, (3) Plaintiff fails to state a federal claim against Hall County and

4

Sheriff Couch and Sergeant Long in their official capacities because no alleged constitutional violation was inflicted pursuant to a government policy or custom, (4) Plaintiff's state law negligence claims against Hall County and Sheriff Couch and Sergeant Long in their official capacities are barred by sovereign immunity, (5) the negligence claim against Sergeant Long in his individual capacity is barred by official immunity, (6) Sheriff Couch and Sergeant Long in their individual capacities have not been properly served with process in accordance with state and/or federal law, (7) punitive damages are not recoverable against Hall County or Sheriff Couch and Sergeant Long in their individual capacities, and (8) the John Doe defendants are subject to dismissal on the grounds that such fictitious party practice is not permitted in federal court.  (Defs.' Br. in Supp. of J. on the Pleadings, Dkt. [11-1] at 3.)

 A. <u>Service of Process</u>

Defendants contend that Sheriff Couch and Sergeant Long, as individual capacity Defendants, were not served with process in accordance with state and/or federal law.  As such, the Court should dismiss these Defendants in their individual capacities.  According to the Federal Rules of Civil Procedure, where the plaintiff fails to serve process within 120 days of filing a complaint and

AO 72A
(Rev.8/82)

does not show good cause for his failure, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Sheriff Couch and Sergeant Long were initially served with process by deputies within the Hall County Sheriff's Office. Defendants contend that service of process, therefore, was not proper because service was executed by one deputy upon another. (Defs.' Br. in Supp. of J. on the Pleadings, Dkt. [11-1] at 19-20.) According to Defendants, all deputies of Hall County are disqualified from serving Defendants because a party may not serve process under the Federal Rules of Civil Procedure. (Id.) In Church v. Bell, on appellee's motion to dismiss the complaint, the court cited to the trial court's decision finding insufficient service on the sheriff and his deputies because service was made by another deputy sheriff, which is "contrary to the public policy of this state." Church v. Bell, 443 S.E.2d 677, 678 (Ga. Ct. App. 1994) (citing former Code Ann. § 81-219: "If the sheriff is a party to the cause, the process shall be directed to the coroner of the county, and to the sheriffs of the adjoining counties, and may be served by either, as convenience may

6

suggest."). However, there are no other cases involving a deputy serving another deputy or sheriff after this 1994 decision, which relies on case law prior to the current Georgia Civil Practice Act.

Under current Georgia law, process can be served by (1) the sheriff of the county or the sheriff's deputy where the action is brought or the defendant is found; (2) the marshal or sheriff of the court or such official's deputy; (3) a citizen of the United States specially appointed by the court; (4) a person not a party, not younger than 18, and who has been appointed by the court to serve process or as a permanent process server; or (5) a certified process server. O.C.G.A. § 9-11-4. On the face of the statute, the deputies were authorized to serve process in this case. Although current Georgia law provides that "executions, orders, decrees, attachments for contempt, and final process issued by the clerks of the courts in favor of or against any sheriff" should be directed to the coroner of the county in which the sheriff resides, O.C.G.A. § 9-13-11, Georgia law is silent on restrictions when it comes to a deputy sheriff serving process upon a sheriff or another deputy in the state of Georgia. Georgia law also provides that when a "sheriff or his deputy is a party to any rule . . . and there is no coroner or other lawful officer of the county to execute the same, it

7

shall be the duty of the judge or justice of the court to appoint pro tempore a special officer to carry out . . . the order of the court." O.C.G.A. § 15-13-10. Again, this law is devoid of any restrictions on service of process effectuated by a deputy sheriff upon a sheriff.

Defendants cite Melton v. Wiley for the proposition that the Eleventh Circuit has affirmed the dismissal of a Georgia deputy where a plaintiff sought to accomplish service of process on the deputy through a fellow deputy. See Melton v. Wiley, 262 F. App'x 921, 923 (11th Cir. 2008). The facts of Melton, however, are distinguishable from this case. In Melton, plaintiff's summons and complaint were intended for Defendant Wiley. Id. at 922. Instead of delivering the summons and complaint to the proper defendant, however, the process server delivered the summons to Captain Temples at the defendant's usual place of business. Id. As such, it was undisputed that the plaintiff never served Defendant Wiley personally, in violation of Federal Rule of Civil Procedure 4(m). Id. at 922-24. In this case, Sheriff Couch and Sergeant Long were the intended recipients of the summons and complaint received from deputies of the Hall County Sheriff's Office. Unlike the defendant in Melton, both Sheriff Couch and Sergeant Long were served personally with the

8

summons and complaint in accordance with Federal Rule of Civil Procedure 4(m).  Therefore, Defendants' reliance on the Eleventh Circuit's decision in Melton is misplaced.  Id. at 923.

In any event, the Court finds no prohibition on a deputy serving another deputy or sheriff under the Federal Rules of Civil Procedure.  Under federal law, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."  FED. R. CIV. P. 4(c).  The deputy here satisfies this standard, and therefore the Court finds that service of process on Sergeant Long and Sheriff Couch in their individual capacities was valid.

### B. Sheriff Couch in His Individual Capacity

Defendants point out that Sheriff Couch is not a proper party because he was not the sheriff at the time of the events in question.  Moreover, there are no factual allegations specifically tying Sheriff Couch to the events either as a direct participant or supervisory official.  Therefore, all of Plaintiff's claims against Sheriff Couch in his individual capacity are dismissed.

### C. Section 1983 Claim Against Sergeant Long in His Individual Capacity

9

Defendants argue that Plaintiff's claim entitled "Violation of Constitutional Rights and State Law by Defendants" fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and that the claims are shotgun allegations. Although the allegations under that count contain collective references to "Defendants," appears to list several constitutional violations, and standing alone allege no facts, allegations elsewhere in the Complaint specifically name Sergeant Long and the allegedly unconstitutional actions he took in using excessive force, conducting an unreasonable search and seizure at the motel, and refusing to provide medical treatment. Accordingly, the Court finds that Plaintiff's Complaint is not a shotgun pleading with respect to the individual capacity claims of excessive force, unreasonable search and seizure, and denial of medical care against Sergeant Long.

D.     Section 1983 Claim Against Hall County

Plaintiff raises a claim against Hall County under 42 U.S.C. § 1983. Under § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "In order to prevail in a civil rights action under Section 1983, 'a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.'" Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990)). Local government units such as counties constitute "persons" subject to suit under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). At the same time, however, the Supreme Court "has placed strict limitations on municipal liability under § 1983." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003).

"[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. Local governing bodies, such as counties, can be sued under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance,

11

regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690.  Thus, to assert a § 1983 claim against a county, a plaintiff must allege (1) that a county employee or policymaker committed the constitutional violation, and (2) did so pursuant to an official county policy or custom.  Id. at 694; Grech, 335 F.3d at 1329.  This requirement of a policy or custom "is intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  Grech, 335 F.3d at 1329 n.5.

      In this case, Plaintiff alleges that Hall County violated Plaintiff's rights by maintaining and developing policies or customs exhibiting deliberate indifference to the constitutional rights of the persons in custody of Hall County.  However, Plaintiff has failed to allege sufficient facts showing that Sergeant Long was acting pursuant to an official county policy or custom when he allegedly violated Plaintiff's constitutional rights.  This failure is fatal to his § 1983 claim.  As stated above, to establish county liability under § 1983 and Monell, a plaintiff must show that the county policymaker committed the constitutional violation while executing an official county policy or custom.

12

Monell, 436 U.S. at 694.  "To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice."  Depew v. City of St. Marys, Ga., 787 F.2d 1496, 1499 (11th Cir. 1986).

Other than including a few conclusory references to the "policies or customs" of Hall County,[1] Plaintiff has failed to allege facts to make a plausible showing that Sergeant Long's decision to deny Plaintiff medical treatment was dictated by county policy or custom.  In addition, Plaintiff's Complaint is wrought with mere labels and conclusions.[2]  In the absence of allegations sufficient to make a plausible showing that it maintained a policy or custom of denying injured arrestees medical treatment, Hall County cannot be held liable under § 1983.  Plaintiff's § 1983 claim against Hall County therefore fails.

E. <u>Plaintiff's § 1983 Claims Against Sheriff Couch and Sergeant Long in Their Official Capacities</u>

An official-capacity suit is treated as a suit against the entity if the entity receives proper notice and an opportunity to respond.  Kentucky v. Graham,

---

[1] See, e.g., Compl., Dkt. No. [1-1] ¶ 30 ("[the] policies or customs exhibiting deliberate indifference to the Constitutional rights of the persons of Hall County . . . caused the violation of Plaintiff's rights").

[2] Id. ¶ 31 ("It was the policy and/or custom of HALL COUNTY to inadequately supervise and train its Sheriff's Deputies and probation officers . . .").

13

473 U.S. 159, 166 (1985). As such, because the § 1983 claim against the County should be dismissed, the official capacity claims against Sheriff Couch and Sergeant Long should be dismissed as well.

> F. State Law Negligence Claim Against the County and Sheriff Couch and Sergeant Long in Their Official Capacities Is Barred by Sovereign Immunity

Plaintiff asserts a state law negligence claim against Defendants collectively, alleging that Defendants had a duty to exercise care when exercising custody and control of inmates in Hall County and when arresting people. (Compl. ¶¶ 35-40.) The doctrine of sovereign immunity applies to state law claims against a county. Tittle v. Corso, 569 S.E.2d 873, 878 (Ga. Ct. App. 2002). Under the 1991 Amendment to the Constitution and the Georgia Tort Claims Act, sovereign immunity extends to counties and will be retained unless waived by the legislature. Gilbert v. Richardson, 452 S.E.2d 476, 479 (Ga. 1994); O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). Plaintiff's claim does not fall within a statutory waiver of the County's entitlement to sovereign immunity. Accordingly, Plaintiff's claim against the County must be dismissed.

14

In addition, county employees in their official capacities enjoy the same defenses enjoyed by counties, including sovereign immunity. See, e.g., Ankerich v. Savko, 734 S.E.2d 805, 807 (Ga. Ct. App. 2012). Accordingly, Plaintiff's state law claims asserted against Sheriff Couch and Sergeant Long in their official capacities are barred by sovereign immunity.

### G. Plaintiff's State Law Negligence Claim Against Sergeant Long in His Individual Capacity

Plaintiff claims that Sergeant Long is liable under state law for negligence because Sergeant Long failed to exercise appropriate care during Plaintiff's arrest and failed to provide Plaintiff medical treatment. The state constitutional provision governing official immunity provides as follows:

> [A]ll officers or employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions.

GA. CONST. Art. I, § 2, ¶ 9(d). The Supreme Court of Georgia has held that the term "official functions" refers to "any act performed within the officer's or

employee's scope of authority, including both ministerial and discretionary acts." Gilbert, 452 S.E.2d at 483.  Accordingly, under this definition, the constitutional provision "provides no immunity for ministerial acts negligently performed or for ministerial or discretionary acts performed with malice or an intent to injure." Id.  "It however, does provide immunity for the negligent performance of discretionary acts . . . ." Id.  In sum, under Georgia law, "a public officer or employee may be personally liable only for ministerial acts negligently performed or discretionary acts performed with malice or intent to injure." Harvey v. Nichols, 581 S.E.2d 272, 276 (Ga. Ct. App. 2003).

As a threshold matter, the Court concludes that Plaintiff's claim fails to allege that Sergeant Long acted with actual malice or intent to injure in failing to provide medical treatment.  Actual malice, for purposes of official immunity, "requires a deliberate intention to do wrong, and denotes express malice or malice in fact.  It does not include willful, wanton or reckless conduct or implied malice.  Thus, actual malice does not include conduct exhibiting a reckless disregard for human life." Daley v. Clark, 638 S.E.2d 376, 386 (Ga. Ct. App. 2006).

16

"A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." Id. at 380. By contrast, a discretionary act is one that "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Id.

Under Georgia law, the decision of how to provide medical care to prisoners at a jail is a discretionary act. Howard v. City of Columbus, 521 S.E.2d 51, 66 (Ga. Ct. App. 1999) ("the determination of what medical treatment to provide is an act of discretion subject to official immunity"). Therefore, Plaintiff must show that Sergeant Long acted with malice to state a claim regarding his medical treatment. Other than alleging a vague and conclusory statement that "Defendant's actions were intentional and caused Plaintiff physical, emotional, and mental pain, anguish, and injury," (Compl. ¶ 27) Plaintiff has failed to include any specific facts in its allegations to show the Defendant acted with an intent to injure or with actual malice.

As for the decision to provide medical care at all, however, under Georgia law, "[p]roviding adequate medical attention for inmates under

17

defendants' custody and control is a ministerial act by the sheriff and his or her deputies and does not involve the exercise of discretion to provide medical care, because medical care is a fundamental right and is not discretionary." Cantrell v. Thurman, 499 S.E.2d 416, 421 (Ga. Ct. App. 1998) (citing O.C.G.A. §§ 42-4-4(a) and 42-5-2(a)).  Accordingly, the Georgia Court of Appeals has held that the act of providing adequate medical care for inmates is not subject to official immunity.  Id.  As such, Plaintiff has alleged sufficient facts to make a plausible showing that he was in Sergeant Long's custody, thus implicating Sergeant Long's duty to provide him medical attention.  The Court further finds that Plaintiff has alleged sufficient facts to make a plausible showing that Sergeant Long negligently breached this duty by failing to provide Plaintiff any medical treatment at all.  As a result, the Court declines to dismiss Plaintiff's negligence claim against Sergeant Long.

### H. John Doe Defendants

Because Plaintiff has failed to identify Defendants John Does 1-3 and concedes to their dismissal, the Court dismisses John Does 1-3.  Plaintiff asks for the opportunity to amend his Complaint to add new defendants if any are identified during discovery.  Plaintiff may move for leave to amend the

Complaint if he discovers new individuals he wishes to add, and the Court will consider the merits of granting leave to amend at that time.

## Conclusion

In accordance with the foregoing, Defendants' Motion for Judgment on the Pleadings [11] is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to Hall County, Defendant Gerald Couch, John Does 1-3, and the official capacity claims against Defendant Andy Long. However, the Motion is **DENIED** as to the individual capacity claims against Defendant Long for: for excessive force, unreasonable search and seizure, and denial of medical care under § 1983, as well as state law negligence based on the denial of medical care.

**SO ORDERED**, this 28th day of April, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)